IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Adam Bickham, #181091,<br><br>          Petitioner,<br><br>v.<br><br>Robert Stevenson, Warden,<br><br>          Respondent. | C/A No. 4:15-813-JFA<br><br><br>**ORDER** |

## I.  INTRODUCTION

Adam Bickham ("Petitioner") is an inmate at the Broad River Correctional Institution in Columbia, South Carolina.  Petitioner, represented by counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on February 25, 2015. (ECF No. 1).  On July 27, 2015, Respondent filed a motion for summary judgment along with a return and memorandum. (ECF No 19; ECF No. 20).  On September 14, 2015, Petitioner filed a response in opposition to the motion for summary judgment.  (ECF No. 24).  Respondent filed a reply on September 24, 2015. (ECF No. 25).  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the case was referred to the Magistrate Judge.

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that this Court should grant the Respondent's motion for

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.).  The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b)(1).

summary judgment and dismiss the petition in this action without an evidentiary hearing. (ECF No. 26).  Petitioner was advised of his right to object to the Report, which was entered on the docket on January 21, 2016.  On February 8, 2016, Petitioner filed a statement of objection to the report. (ECF No. 27). Thus, this matter is ripe for the Court's review.

The Court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b)(1).  However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this Court is not required to give an explanation for adopting the recommendation.  *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

The Report sets forth in detail the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

## II.     STANDARD FOR SUMMARY JUDGEMENT

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A material fact is one that "might affect the outcome of the suit under the governing law."  *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  A dispute of material fact is "genuine" if sufficient evidence favoring the

non-moving party exists for the trier of fact to return a verdict for that party. *Anderson*, 477 U.S. at 248–49.

The moving party bears the initial burden of showing the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. If the moving party meets that burden and a properly supported motion is before the court, the burden shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *See* Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 323. All inferences must be viewed in a light most favorable to the non-moving party, but he "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).

### III.    HABEAS CORPUS STANDARD OF REVIEW

In addition to the standard that the Court must employ in considering motions for summary judgment, the Court must also consider Petitioner's claims under the requirements of 28 U.S.C. § 2254(d). Under § 2254(d), this Court may not grant habeas corpus relief unless the underlying state adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 410 (2000). An incorrect application of federal law is not always objectively unreasonable. *Id.* at 413. "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's adjudication of [the petitioner's] claims was not only

incorrect, but that it was objectively unreasonable." *McHone v. Polk*, 392 F.3d 691, 719 (4th Cir. 2004).

Further, courts afford deference to state courts' resolutions of the habeas claims of state prisoners. *See Bell v. Cone*, 543 U.S. 447, 455 (2005). Factual findings "made by a State court shall be presumed to be correct," and a petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). To clarify, in order to obtain habeas relief from this Court, "a sate prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). "[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. The Court recognizes that this standard is very difficult to meet, but that is because it was meant to be difficult to meet. *Id*.; *see Richardson v. Branker*, 668 F.3d 128, 137-44 (4th Cir. 2012) (quoting *Harrington* extensively and reversing a district court's grant of a writ based on ineffective assistance of counsel claims).

Section 2254(e)(1) requires that this Court give a presumption of correctness to the state court factual determinations and provides that Petitioner can only rebut this presumption by clear and convincing evidence. Accordingly, Petitioner is entitled to relief under § 2254(d) only if he can prove, by clear and convincing evidence, that the state court unreasonably determined the facts in light of the evidence presented in state court.

### IV.    INEFFECTIVE ASSISTANCE OF COUNSEL

In order to successfully challenge a sentence on the basis of ineffective assistance of counsel, Petitioner must demonstrate (1) that his counsel's performance fell below an objective

standard of reasonableness; and (2) that he was prejudiced by his counsel's deficient performance. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. A reviewing court must be highly deferential in scrutinizing counsel's performance and must filter from its analysis the distorting effects of hindsight. *Id.* at 688–89.

In addition to showing ineffective representation, the defendant must also show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. "The likelihood of a different result must be substantial, not just conceivable." *Harrington*, 562 U.S. at 112 (citing *Strickland*, 466 U.S. at 693). The United States Supreme Court has elaborated on the interplay between *Strickland* and § 2254, noting that the standards are "both highly deferential," and "when the two apply in tandem, review is doubly so." *Id.* at 105 (internal quotation marks omitted); *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011).

When a petitioner raises an ineffective assistance of counsel claim in a § 2254 habeas petition that was denied on the merits by the state court, "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable[,]" not "whether defense counsel's performance fell below the *Strickland* standard." *Harrington*, 562 U.S. at 101. For the purposes of § 2254(d)(1), "'an *unreasonable* application of federal law is different from an *incorrect* application of federal law.'" *Id*. (quoting *Williams*, 529 U.S. at 410) (emphasis in original).

## V.   DISCUSSION

Petitioner has lodged one objection to the Report rendered by the Magistrate. Petitioner argues that the Magistrate erred in recommending that this Court grant Respondent's motion for summary judgement because defense counsel's erroneous advice[2] was not cured by the plea colloquy.

In this case, the issue of ineffective assistance of counsel was raised and ruled upon by the PCR court and raised in the PCR appeal. After summarizing the testimony of Petitioner's trial counsel and the prosecutor, the PCR court held:

> This Court finds that the Applicant has failed to meet his burden in proving ineffective assistance of counsel such that his guilty plea was not voluntary. The Applicant has not established that his plea counsel performed deficiently or that he was prejudiced in any way by the alleged deficient performance of his plea counsel. At the guilty plea hearing, the Applicant testified that he was satisfied with the services of plea counsel and that plea counsel did everything Applicant asked of her. Ms. McPherson testified at the PCR hearing that she and the Applicant discussed the pros and cons of proceeding to trial versus pleading guilty, and that Applicant understood those discussions. At the guilty plea hearing, the Applicant testified that he was given enough time to decide to plead guilty and that he was not being forced to plead guilty. This Court finds that the Applicant made the decision to plead guilty knowingly and voluntarily. While Applicant and plea counsel maintain that the Applicant pled out of fear of LWOP, the record reveals that the Applicant did not plead guilty out of fear of LWOP. At the guilty plea hearing the judge asked the Applicant multiple times if Applicant was pleading guilty because of fear of LWOP and Applicant stated under oath that he was not pleading guilty out of fear of LWOP, but because he was, in fact, guilty of the charges. This Court finds and the record reveals that any issues related to possible punishment, including the issues concerning Life Without Parole, were properly covered by the very thorough plea colloquy by the presiding judge. The Applicant chose to take a package deal and declined the opportunity to withdraw his pleas. Applicant rejected the initial plea offers and acquired additional charges while out on bond. Applicant's plea counsel was put into a difficult situation, but she did not make the facts that created the situation.

---

[2] Specifically, Petitioner is referring to his initial claim of ineffective assistance of counsel, where he asserted that counsel erroneously advised him that he could be sentenced to life without the possibility of parole (LWOP) if he went to trial on each crime separately and lost. As a result, Petitioner argues that his guilty plea was not knowing and voluntary, and that the PCR court's conclusion that he did not meet his burden of proof under *Strickland* constitutes an unreasonable application of clearly established Federal law.

> This Court finds that Applicant failed to show plea counsel's representation was not objectively reasonable under the circumstances. *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052 (1984). This Court further finds that the Applicant failed to show that there is a reasonable probability that, but for counsel's alleged deficient performance, Applicant would [not] have pled guilty and insisted on going to trial; therefore this Court finds Applicant's Application for post-conviction relief must be denied and dismissed with prejudice.

(ECF No. 20-2 pp. 8-9).

During Petitioner's guilty plea, the following colloquy took place between the plea judge and trial counsel:

> The Court:    . . . You advised your client that if he didn't plead guilty to these three charges that he would face life without parole if the solicitor elected to try them in such a fashion that they went successfully one after the other after another.
>
> Counsel:    I did, and I told him that in light of having no defense which I discovered approximately a week and a half ago with the marriage certificate that I believed he would be convicted of those and he should plead to those.
>
> The Court:    Well, I think your advice was incorrect. I don't believe that it is possible for him to face life without parole on these crimes.
>
>                          . . .
>
> The Court:    Wait a minute. Wait a minute. If you gave your client advice that he faced life without parole and he pled guilty based on that advice, then we're in trouble.

(ECF No. 20-1 pp. 60-61). After discussing at length that the Petitioner would not face the possibility of LWOP, the court went on to state:

> Well, the record will reflect that you think that he did not make his decision to plead guilty to the criminal sexual conduct second degree charges based on that erroneous legal advice, but I want you to go back and talk to [Petitioner] and let's hear what he has to say about whether or not he relied on that advice when he made the decision to plead guilty. All right. Let me know when you're done.

(ECF No. 20-1 p. 63). After further discussion, the judge stated:

7

> So as I understand the way this case and these cases present themselves, there is no way that this defendant can get a mandatory life sentence, and that's important because if he's pleading guilty under the belief that he could get a mandatory life sentence, then it's not a voluntary plea. But on the other hand, if he's pleading guilty because he is guilty and because he wants to plead guilty, then I can accept the plea. Otherwise, I can't accept the plea. So y'all can—that's what I want you to talk about, and I apologize if I was unclear about that before.

(ECF No. 20-1 pp. 65-66).

After another lengthy discussion with Petitioner's counsel and the prosecutor, the judge asked Petitioner if he was pleading guilty to the crimes because he feared he would face a mandatory life sentence if he did not or if he was pleading guilty because he was guilty. The following colloquy concerning this issue took place between the plea judge and the Petitioner:

> The Court: All right. Mr. Bickham, we have been through a lot today, and you've heard this legal discussion over the last 20 minutes or so that probably you don't understand all of it and that's fine. Really we don't either, but let me ask you a few questions about why you decided to plead guilty to these crimes. Did you—did you decide to plead guilty for fear that you would face a life sentence, a mandatory life sentence, if you didn't?
>
> Petitioner: No, sir.
>
> The Court: You decided to plead guilty to the two criminal sexual conducts against a minor in the second degree cases. Those are the two cases in which [minor's name omitted] is the victim. You decided to plead guilty to those two crimes because you are guilty?
>
> Petitioner: Yes, sir.
>
> The Court: And for no other reason?
>
> Petitioner: Yes, sir.
>
> The Court: That's correct?
>
> Petitioner: Yes, sir.
>
> The Court: All right. Now, then I will go back to the point where I was about 45 minutes ago and I accept the pleas to those two charges because

> I find that his decision to plead guilty is knowingly and voluntarily and intelligently made.

(ECF No. 20-1 p. 71).

Regarding the criminal sexual conduct of a minor in the first degree charge, the judge told Petitioner that if he accepted the *Alford* plea, he would sentence Petitioner as if he pleaded guilty even if Petitioner did not admit guilt. The judge asked Petitioner if he understood this. Petitioner stated that he understood, and that it was not a surprise to him. When the judge accepted the plea, he cleared up some confusion that preceded his acceptance of the plea by stating:

> All right. Well, I'm going to accept the plea. I've already accepted the two on the charges involving [name omitted]. I'm accepting the plea on the charge involving [name omitted], and I'm doing so for this reason: First of all, everything had been presented to me and it was simply my decision whether or not I wanted to accept the plea, whether or not I felt that I should accept the plea. It was not in my mind a decision as to whether or not the plea was voluntarily made.

(ECF No. 20-1 p. 88).

The PCR court, along with the Magistrate, thoroughly considered all of this evidence from the plea colloquy when making their respective determinations. The PCR court determined, and the Magistrate agreed, that Petitioner failed to meet both the first and second prongs of *Strickland*. The PCR court's factual findings are entitled to deference in this action, and are afforded a presumption of correctness. 28 U.S.C. § 2244(e)(1). In this case, the plea judge told Petitioner that he would not face a sentence of LWOP if he decided not to plead guilty. He also gave counsel time to discuss this with Petitioner and to make sure that Petitioner was not making his guilty plea based on the erroneous advice that he was facing LWOP. Nonetheless, Petitioner still chose to enter the pleas of guilty.

Petitioner argues that since he and his counsel agree that his pleas were involuntary, the PCR court's conclusion that he failed to meet his burden of proof regarding prejudice under *Strickland* constitutes an unreasonable application of clearly established Federal law. The Court disagrees. This Court recognizes that the plea judge could have been clearer during the plea colloquy. However, the Court does not agree with Petitioner's contention that the plea judge undermined the effectiveness of the entire colloquy. Even if this Court assumed that the PCR court's finding was an inaccurate application of *Strickland*, it was not unreasonable. As previously stated, for the purposes of a habeas petition, an incorrect application of Federal law is much different than an unreasonable application of Federal law. Petitioner has failed to prove by clear and convincing evidence that the state court unreasonably determined the facts in light of the evidence presented.

In addition, a guilty plea is considered a solemn judicial admission that the charges against the defendant are true. A defendant cannot later argue that his plea was invalid except in extremely limited circumstances. *Blackledge v. Allison*, 431 U.S. 63 (1977). "The accuracy and truth of an accused's statements at a Rule 11 proceeding in which his guilty plea is accepted are conclusively established by that proceeding unless and until he makes some reasonable allegation why this should not be so." *Crawford v. United States*, 519 F.2d 347, 350 (4th Cir. 1975). A defendant pursuing habeas relief is "ordinarily bound by his or her representations in court." *Bemis v. United States*, 30 F.3d 220, 222-23 (1st Cir. 1994). Therefore, it is the judgment of this Court that granting summary judgment is proper in this case.

### VI.    CONCLUSION

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court **ADOPTS** the Report and Recommendation of the Magistrate. Therefore,

Respondent's motion for summary judgment (ECF No. 19) is **GRANTED**, and the petition is dismissed without an evidentiary hearing.

Further, because Petitioner has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability is **DENIED**. 28 U.S.C. § 2253(c)(2).[3]

IT IS SO ORDERED.

March 29, 2016  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

---

[3] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the defendant has failed to make "a substantial showing of the denial of a constitutional right."